UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| FRESSIA MEDINA-CABALLERO | CIVIL ACTION NO. 3:26-CV-01561 SEC P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| ELEAZAR GARCIA ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

**REPORT AND RECOMMENDATION**

Before the court is the Government's MOTION TO DISMISS [Doc. 4] a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 [Doc. 1] by Petitioner Fressia Medina-Caballero ("Medina-Caballero").[1] At the time of filing the Petition, Medina-Caballero was a detainee in the custody of U.S. Immigration and Custom Enforcement ("ICE") at Richwood Correctional Facility. [Doc. 1].

Medina-Caballero has since been removed. Because Medina-Caballero has been removed, the Motion to Dismiss should be GRANTED and the Petition DISMISSED WITHOUT PREJUDICE.

**I. Background**

Medina-Caballero filed the instant petition, through which she sought the issuance of a writ of *habeas corpus* directing her release from custody.

Medina-Caballero was ordered removed by an immigration judge, removed by Flight #005213 from Alexandria International Airport (AEX) on May 29, 2026, and therefore is no longer in ICE custody. [Doc. 4-1 (Exh. A, Warrant of Removal/Deportation, p.2)].

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Accordingly, while this matter was pending, Medina-Caballero was removed from the United States. [*Id.*]

## II. <u>Law and Application</u>

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Because the government's evidence shows that Medina-Caballero is no longer detained and has been removed from the United States, the Section 2241 petition is moot. *See Francis v.*

*Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). It should therefore be dismissed.

## III. Conclusion

Accordingly, IT IS RECOMMENDED that the MOTION TO DISMISS [Doc. 10] be GRANTED and that the Petition for Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2241 by Petitioner Medina-Caballero Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 22nd day of September, 2026.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**